The opinion of the Court was delivered by
Glover, J.
Several grounds have been relied upon by the plaintiff to sustain his motion for a new trial, but the opinion formed by this Court on his appeal requires the consideration only of the third and fourth.
A title was established in the plaintiff for two undivided shares of the land in dispute, which had been the inheritance of Isabella Lee, who died in 1837. The defendant traced his title through Theopbilus Floyd, a son of Isabella Lee, and relied upon adverse possession in him to bar the legal title of the plaintiff. This defence made it necessary to show the boundaries which limited the claim of Theopbilus Floyd. A claim, accompanied by continued, notorious and adverse possession under the statute, may defeat the actual title, and will be extended to embrace more than the pedis possessio, but there must be satisfactory evidence showing the limits within which the possession of a part will avail to confer title to the whole.
Hugh Floyd was examined by commission, and his evidence, in part, related to the identity of the land. In reply to the third interrogatory, which referred to the extent of Theoph-ilus Floyd’s claim, he answered, that the land “ was bounded as the sheriff’s deed to the defendant describes.” This deed was not alluded to by the interrogatories propounded to the witness, but was read to him before he was examined. The plaintiff was not advertised that a paper executed by Theophi-lus Floyd, when he parted with his possession, would be used to aid the witness in proof of an important fact, and he was, consequently, deprived of the opportunity of a cross-examina *188 tion touching the deed, and the reason of the witness’s conclusion respecting the boundaries. It is necessary to guard with care and circumspection, the execution of commissions to examine witnesses. No rule should be relaxed which may secure the faithful performance of their duty by commissioners, otherwise the confidence which the Court is compelled to repose in persons who are often strangers and without its jurisdiction, might be abused. Personal service on the opposite party is required, that he may be enabled to file such questions in reply, as the direct examination suggests, and to prevent an ex parte examination. If the plaintiff had been advised, that the sheriff’s deed would be exhibited to Hugh Floyd to assist his memory in defining boundaries, it may have been advisable to ask the witness, in reply, if he had confounded the boundaries described in the deed, which was alleged to have been lost, with those in the sheriff’s deed ; and if the deed was produced and read to the witness for any other purpose, it was irregular and improper, unless it had accompanied the commission, or been referred to by the interrogatories. The Court is therefore of opinion, that the answer of Hugh Floyd to the third interrogatory should not have been received.
The plaintiff showed title from two of the distributees of Isabella Lee, and until a disseisin was committed by one who entered with a claim of adverse possession, he was in possession by force of his title. In bar to the legal title, the defendant relied on the possession of Theophilus Floyd. He undertook, therefore, to show that it was hostile when it began, or after-wards assumed that character. When Theophilus Floyd and his brother entered, it was not under color of right, and after Isabella Lee married and moved to North-Carolina, their joint possession was permissive — and if it afterwards became adverse, the burthen of proof was on the defendant. If Theophilus Floyd entered and held by her permission, the presumption of an adverse claim is rebutted, and he could not change the relation in which he had placed himself towards the legal title which he acknowledged, unless his hostile claim were made *189 known to the legal owner under whom he entered and held. The possession of land without the assertion of claim, is merely a trespass and not a disseisin.
If it be conceded, that the evidence proved a hostile claim, beginning after permissive occupation, Isabella Lee should have received notice of it. The proof made by the defendant was too slight to raise a presumption that she was informed of his purpose to hold in hostility to her title. A possession of up-, wards of ten years was shown ; but was it adverse in its character, and so notorious, as to supersede direct notice to Isabella Lee? Her residence in North-Carolinarebuts the presumption arising from the acts of the occupant; and because neither she nor her husband, living in another State, made any claim to the land, is only negative testimony, and too unsatisfactory to change a permissive into an adverse possession. There was no evidence that Isabella Lee was informed of any acts or declarations of Theophilus Floyd, showing an intention to change the character of his possession — and it cannot be inferred because it was continued, as that was not inconsistent with his permissive tenancy. If one enter and hold as tenant, he must terminate his tenancy by a disclaimer, and notice to the landlord must be proved. The verdict of the jury is not sustained by the evidence offered to prove notice, and the motion is granted.
Motion granted.
O’INeall, Withers and WhitNer, XT., concurred.
Wardlaw, X, absent at the argument.
Munro, X, having been of counsel, gave no opinion.

Motion granted.